**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| REBECCA H. O/B/O A.R., A MINOR CHILD,[1]<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[2]<br><br>Defendant. | No. 1:18-cv-03210-MKD<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 14, 16 |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 14, 16. The Court, having reviewed the administrative

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names.

[2] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER - 1

record and the parties' briefing, is fully informed. For the reasons discussed below, Plaintiff's Motion, ECF No. 14, is denied and Defendant's Motion, ECF No. 16, is granted.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one

rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## THREE-STEP PROCESS FOR CHILDHOOD DISABILITY

To qualify for Title XVI supplement security income benefits, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The regulations provide a three-step process to determine whether a claimant satisfies the above criteria. 20 C.F.R. § 416.924(a). First, the administrative law judge (ALJ) must determine whether the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). Second, the ALJ considers whether the child has a "medically determinable impairment that is severe," which is defined as an impairment that causes "more than minimal functional limitations." 20 C.F.R. §

ORDER - 3

416.924(c). Finally, if the ALJ finds a severe impairment, the ALJ must then consider whether the impairment meets, "medically equals" or "functionally equals" a disability listed in the "Listing of Impairments" (listings). 20 C.F.R. § 416.924(c)-(d).

If the ALJ finds that the child's impairment or combination of impairments does not meet or medically equal a listing, the ALJ must determine whether the impairment or combination of impairments functionally equals a listing. 20 C.F.R. § 416.926a(a) (2017). The ALJ's functional equivalence assessment requires the ALJ to evaluate the child's functioning in six "domains." These six domains, which are designed "to capture all of what a child can or cannot do," are as follows:

    (1) Acquiring and using information:

    (2) Attending and completing tasks;

    (3) Interacting and relating with others;

    (4) Moving about and manipulating objects;

    (5) Caring for self; and

    (6) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1)(i)-(vi) (2017). A child's impairment will be deemed to functionally equal a listed impairment if the child's condition results in a "marked" limitations in two domains, or an "extreme" limitation in one domain. 20 C.F.R. §

ORDER - 4

416.926a(a) (2017). An impairment is a "marked limitation" if it "interferes seriously with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i) (2017). By contrast, an "extreme limitation" is defined as a limitation that "interferes very seriously with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i) (2017).

## ALJ'S FINDINGS

On May 2, 2014, Plaintiff filed an application on behalf of her minor custodial child's[3] behalf for supplemental security income (SSI) under Title XVI of the Social Security Act alleging disability as of April 1, 2014. Tr. 214-19. The application was denied initially, Tr. 77-79, and upon reconsideration. Tr. 83-85. Plaintiff's mother appeared for a hearing before an ALJ on September 7, 2017. Tr. 34-58. On September 22, 2017, the ALJ denied Plaintiff's claims. Tr. 12-33.

The ALJ noted that Plaintiff was a school-age child on the date his application was filed and at the time of the hearing. Tr. 18. At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since May 2, 2014. *Id*. At step two, the ALJ found that Plaintiff has the following severe impairments:

---

[3] The remainder of this opinion will refer to the minor seeking benefits as the Plaintiff.

ORDER - 5

posttraumatic stress disorder (PTSD), anxiety disorder, depressive disorder, and attention deficit hyperactivity disorder (ADHD). *Id.* At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. *Id.* With regard to functional equivalence, the ALJ concluded that Plaintiff does not have an "extreme" limitation in any domain of functioning or a "marked" limitation in two domains. Tr. 19-28. As a result, the ALJ concluded that Plaintiff has not been disabled, as defined in the Social Security Act, since May 2, 2014, the date the application was filed. Tr. 28.

On August 31, 2018, the Appeals Counsel denied review, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying his supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 14. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly evaluated the lay testimony;
2. Whether the ALJ properly determined Plaintiff's impairments did not functionally equal a listing.

ECF No. 14 at 8.

# DISCUSSION

**A. Lay Testimony**

Plaintiff contends the ALJ improperly evaluated the testimony of Plaintiff's mother, Rebeca H. (Ms. H). ECF No. 14 at 10-12.

An ALJ must consider the statement of lay witnesses in determining whether a claimant is disabled. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). Lay witness evidence cannot establish the existence of medically determinable impairments, but lay witness evidence is "competent evidence." *Id.*; 20 C.F.R. § 416.913; *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993) ("[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition."). If a lay witness statement is rejected, the ALJ "'must give reasons that are germane to each witness.'" *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citing *Dodrill*, 12 F.3d at 919).

Here, Ms. H, testified regarding Plaintiff's symptoms and limitations. Tr. 42-57. Specifically, she testified that Plaintiff has ongoing hallucinations and anxiety, Tr. 47, 54, 55; has difficulty with other kids, in part because he talks to himself, and he does not like going to school, Tr. 42; he has hallucinated a little girl since he was four years old, Tr. 47; he cannot independently use the restroom, nor dress himself, Tr. 53; and he has had multiple incidences where he has

screamed, cried, or run away in public, as well as nights where he screams and thrashes around in his sleep, Tr. 44, 51, 55. She testified Plaintiff has had improvement with medication and has made a friend at school. Tr. 45, 47.

Ms. H also completed a function report in June of 2014, in which she stated Plaintiff has trouble speaking clearly and can only be understood some of the time; has limitations in his reading, math and writing skills and cannot tell time; had improvement in his ability to focus when he began taking medication; and does not have friends, cannot make friends and does not handle his self-care. Tr. 226-35. The ALJ gave limited weight to Ms. H's statements. Tr. 20-21.

First, the ALJ found that the medical and academic evidence did not substantiate Ms. H's allegations of disabling limitations. Tr. 20. An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). However, the objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). Minimal objective evidence is a

factor which may be relied upon in discrediting a claimant's testimony, although it may not be the only factor. *See Burch*, 400 F.3d at 680. An ALJ also may consider good academic performance as an activity that is inconsistent with a claimant's reported functioning. *See Anderson v. Astrue*, No. 09-CV-220-JPH, 2010 WL 2854241, at *6 (E.D. Wash. July 19, 2010); *Payton v. Comm'r of Soc. Sec.*, No. CIV S-09-0879-CMK, 2010 WL 3835732, at *10 (E.D. Cal. Sept. 29, 2010); *see also Spittle v. Astrue*, No. 3:11-CV-00711-AA, 2012 WL 4508003, at *3 (D. Or. Sept. 25, 2012).

The ALJ noted exams where plaintiff had intact memory and attention, was calm and cooperative and reported improvement. Tr. 21, 372, 374, 376-77, 379-80, 382. At multiple visits, Plaintiff and Ms. H did not report any hallucinations or anxiety. Tr. 20. Plaintiff saw improvement with treatment and did not have any treatment from October 2015 through January 2017. Tr. 21, 367-68, 373-74. This was a germane reason to give limited weight to Ms. H's testimony.

Second, the ALJ found that Ms. H's claims of disabling limitations were inconsistent with Plaintiff's record of improvement with treatment. Tr. 20-21. The effectiveness of treatment is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (2011); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (determining that conditions effectively controlled with medication are not disabling for

purposes of determining eligibility for benefits); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (recognizing that a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations).

The ALJ cited to evidence that demonstrated significant improvement with medication, including Plaintiff's parents own reports of improvement. Tr. 20-21, 338-39, 352. The record indicates that Plaintiff's limitations improved to the point of no longer qualifying for special education services, which is also demonstrative of improvement. Tr. 303. Moreover, records indicated Plaintiff's teachers noticed he was paying attention better during the school day. Tr. 339.

Plaintiff argues that while there was some improvement with treatment, he continued having "significant symptoms on a regular basis." ECF No. 14 at 10. Plaintiff argues there are records demonstrating Plaintiff had ongoing hallucinations and limitations such as decreased judgment and insight. ECF No. 14 at 11. However, Plaintiff does not point to any limitations caused by decreased judgment and insight nor any objective evidence of limitations caused by hallucinations. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. *Rollins*, 261 F.3d at 857. The Court must consider the ALJ's decision in the context of "the entire record as a whole," and if the "evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194,

ORDER - 10

1198 (9th Cir. 2008) (internal quotation marks omitted). This was a germane reason to give limited weight to Ms. H's testimony.

Third, the ALJ found that the allegations of disabling limitations were inconsistent with the failure to seek treatment from October 2015 to January 2017. Tr. 21. An unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment may be considered when evaluating the claimant's subjective symptoms. *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). The ALJ reasoned that Plaintiff's lack of treatment from October 2015 through January 2017 suggested Plaintiff's symptoms did not warrant treatment during that time. Tr. 21. Plaintiff argues the gap in the records from October 2015 through January of 2017 was due only to Plaintiff being on a waitlist for treatment. ECF No. 14 at 11. However, Plaintiff offers no explanation as to why no other treatment was sought during that time period. This was a germane reason to give limited weight to Ms. H's statements.

Fourth, the ALJ found that Ms. H made inconsistent statements. Tr. 21. In evaluating a claimant's symptom claims, an ALJ may consider the consistency of an individual's own statements made in connection with the disability review process with any other existing statements or conduct made under other circumstances. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

ORDER - 11

The ALJ noted specific contradictions between Ms. H's testimony and the evidence. Tr. 22. Plaintiff asserts that there was no contradiction in Ms. H's report because while she stated in June 2014 that Plaintiff could not engage in self-care activities, he learned how to by December 2014, which she reported. ECF No. 17 at 2-3. However, Plaintiff offers no explanation as to why Ms. H testified at the hearing that Plaintiff was still unable to handle self-care tasks, and how that is consistent with the December 2014 report. *See* Tr. 55. While Plaintiff offers an alternative interpretation of the evidence, this is not sufficient to overturn the ALJ's decision.

There are examples throughout the record of Ms. H's statements being inconsistent with the record. Ms. H reported for the May 19, 2014 evaluation that Plaintiff had been diagnosed with ADHD and was on medication. Tr. 303. However, she did not provide any documentation. *Id.* Plaintiff was not diagnosed with ADHD and begun on medication until May 20, 2014. Tr. 316. She reported to a provider that Plaintiff was diagnosed with oppositional defiant disorder, but the provider noted that he reviewed the records and found no such diagnosis. Tr. 332. Ms. H reported Plaintiff has difficulty with his speech, making him hard to understand at times, Tr. 228, but Plaintiff's teacher reported no issues with understanding him. Tr. 309.

ORDER - 12

At the hearing, Ms. H testified Plaintiff has had hallucinations of a girl since he was four years old. Tr. 47. There is no documentation of such hallucinations in the records. Plaintiff reported to a provider that his brother has hallucinations of a small girl. Tr. 358. Ms. H testified regarding Plaintiff screaming and crying in public. Tr. 44. However, she reported to a provider that medication had helped and his tantrums/crying mainly happened when he did not want to do his chores. Tr. 339. Ms. H reported Plaintiff has issues with math, reading and writing, and he could not tell time in 2014. Tr. 230. The 2014 evaluation indicates Plaintiff had scores within the average range in those subjects and was able to tell time. Tr. 308. Ms. H reported Plaintiff has difficulties interacting with others and making friends, but she also testified he has made a friend, and the records indicate Plaintiff "is sociable and gets along with other kids." Tr. 47, 322.

The ALJ gave germane reasons for rejecting Ms. H's testimony, which are supported by substantial evidence. The Court may not reverse the ALJ's decision based on Plaintiff's disagreement with the ALJ's interpretation of the record. *See Tommasetti,* 533 F.3d at 1038 ("[W]hen the evidence is susceptible to more than one rational interpretation" the court will not reverse the ALJ's decision).

**B. Functional Equivalence**

Plaintiff challenges the ALJ's conclusion that Plaintiff's impairments do not functionally equal a Listing. ECF No. 14 at 12-15. Specifically, Plaintiff contends

the ALJ should have found Plaintiff had marked limitations in the domain of attending and completing tasks. *Id.*

In evaluating the attending and completing tasks domain, the ALJ considers how well the child is able to focus and maintain attention, and how well the child can begin, carry through, and finish activities, including the pace at which activities are performed and the ease with which the child changes activities. 20 C.F.R. § 416.926a(h). A child would be found to have a "marked" limitation in this domain if their limitation interferes seriously with their ability to independently initiate, sustain, and/or complete activities. 20 C.F.R. § 416.926a(e)(2)(i) (2017). Here, the ALJ found Plaintiff had less than marked limitations in this domain. Tr. 24.

The ALJ recognized that although Plaintiff had some struggles, the ALJ concluded that after Plaintiff began medications, his function substantially improved. Tr. 24. The ALJ reasoned that while a May 2014 evaluation found Plaintiff needed additional time to complete assignments and tests, Plaintiff's teacher opined in October 2014 that Plaintiff generally had no problem to a slight problem in this domain. *Id.* In December 2014, Plaintiff was observed as being more in control and having better attention due to his medications. *Id.* The ALJ

noted the records demonstrated Plaintiff's attention was described as intact or fair, and while he was distracted by toys, he was able to engage when necessary. *Id.*

Plaintiff argues the ALJ did not properly consider limitations caused by his impairments other than ADHD. ECF No. 14 at 14. Plaintiff asserts that his hallucinations and panic attacks occurred more than weekly, and those symptoms, along with his ADHD symptoms, caused marked limitations in this domain. ECF No. 14 at 14-15. According to Plaintiff, a child with his "significant distractions," including hallucinations and panic attacks, cannot be found to be able to concentrate or attend to tasks at a satisfactory level. ECF No. 14 at 15. Plaintiff does not cite to any evidence in support of the argument that the reported symptoms cause impairment in concentration or attending to tasks.

The ALJ reasoned that Plaintiff's functioning improved after he began medications in May of 2014. Tr. 24. The records do not demonstrate the level of alleged significant issues, after Plaintiff began medications. His ADHD symptoms were noted as controlled by medication. *Id.*, Tr. 229, 314, 338-39. After he was on medication, his teachers observed he had no problem to a slight problem in this domain, and he was able to function in general education classes. *Id.*, Tr. 254, 338.

The Court further notes that in the years leading up to the protective filing date, there is minimal evidence related to Plaintiff's functioning. In October of 2012, Ms. H reported Plaintiff was having difficulty in school. Tr. 332. His

ORDER - 15

mother was given the Vanderbilt assessment to complete and return; however, there is no indication the forms were completed nor that there was any follow up. *Id.*

A letter and questionnaire from Plaintiff's teachers in March and April of 2014 indicate a belief that Plaintiff had difficulty with concentration and hyperactivity and that he would benefit from medication. Tr. 223, 319. In April of 2014, Ms. H completed the Vanderbilt assessment. Tr. 321. She reported Plaintiff's school performance, reading and writing performing were all "average". *Id.* His math performance was "somewhat of a problem." *Id.*

In May of 2014, Plaintiff's elementary school determined he no longer qualified for special education services. Tr. 307. In making the determination, Plaintiff was administered several tests; he generally scored in the average range. Tr. 304-05. While there was a note that Plaintiff required more time to complete tasks, no other difficulties with focus or completing the testing were noted. Tr. 308. Based on the evaluation, it was recommended Plaintiff receive extra time on assignments, tests and quizzes when possible, to sit in a less trafficked area and to receive breaks. Tr. 305.

In October of 2014, Plaintiff's teacher completed a questionnaire regarding his functioning, Tr. 252-59, and noted Plaintiff had no problem to a slight problem in most activities within the "attending and completing tasks" domain. Tr. 254.

ORDER - 16

Only "focusing long enough to finish assigned activity or task" was labeled an "obvious problem." *Id.*

In December of 2014, records from the Children's Village indicate Plaintiff "has made great progress with his behaviors" since starting Concerta, and he has been "successful in general education." Tr. 338. He was observed as sitting calmly, coloring, answering questions appropriately and being pleasant and cooperative. Tr. 343. At that visit, Ms. H reported for the first time that Plaintiff had two episodes where he saw bugs that others could not see, or he felt bugs on his skin. Tr. 339. However, she stated there had been no further reports since he began medication for ADHD. *Id.* She reported he also feared candy as he thought it would cause monsters in his teeth. *Id.* The provider recommended Plaintiff seek counseling or behavior therapy if his anxiety increased. Tr. 343. There is no indication of any follow up until May of 2015.

In May of 2015, Plaintiff reported seeing bugs and that he thought aliens were trying to do things to him. Tr. 358. Plaintiff's medication was changed in June of 2015. Tr. 355. There are notes indicating he was waiting to get in for an evaluation for his anger and hallucinations in October of 2015. Tr. 352. However,

ORDER - 17

notes also indicate he was doing better at school. *Id.* There are no medical records from October of 2015 through January of 2017. *Id.*

In January of 2017, notes indicate Plaintiff was hearing voices at times. Tr. 364. Plaintiff reported he had been having issues with his sister, and his mother did not protect him from his sister. *Id.* Ms. H reported she is "too occupied with her infant daughter to be available for [Plaintiff]." Tr. 363.

Plaintiff was observed as having decreased eye contact, and while he was distracted at times by toys or pacing, he was able to engage. Tr. 365. His hallucinations were thought to be anxiety based, and his medications were changed. Tr. 366. Records in 2017 demonstrate Plaintiff had several external events occurring in his life, which his mother thought may have impacted his behavior. Tr.367, 372.

During the appointments in 2017, Plaintiff was observed as having either intact attention, Tr. 372, or fair attention, Tr. 374. While he appeared nervous, anxious or fidgety at the beginning of some appointments, he was generally able to calm himself and engage in the appointments. Tr. 372, 376, 386. In June of 2017, he reported the hallucinations were "not happening that much now." Tr. 379.

While Plaintiff argues there is evidence of a marked limitation in the attending and completing tasks domain, the ALJ reasonably concluded that this record demonstrates a lack of objective evidence of a marked limitation. Plaintiff

ORDER - 18

has been successful in general education. Tr. 338. While Plaintiff's mother has reported Plaintiff was again put on an individual education plan (IEP) in May of 2017, the IEP was not provided, nor were any other school records from that time period. Tr. 15. She also testified Plaintiff was only in a special resource room for math, and he passed all his general education classes the prior year. Tr. 43. Plaintiff has had improvement with medication, an over one-year gap in treatment, and generally has effectively engaged in appointments, completed evaluations without noted issues except a slow pace, and has demonstrated average test scores. Tr. 304-08, 365, 372, 376, 386. While records demonstrate some abnormalities in mental status examinations, Plaintiff's own interpretation of the evidence does not impact the ALJ's determination.

The ALJ's finding that Plaintiff does not have a marked limitation in the attending and completing tasks is supported by substantial evidence. Plaintiff is not entitled to relief on these grounds.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, ECF No.14, is **DENIED.**

2. Defendant's Motion for Summary Judgment, ECF No.16, is **GRANTED**.

ORDER - 19

3. The Court enter **JUDGMENT in favor of Defendant** consistent with the findings of this Court.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED September 16, 2019.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE